UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

Case # 17-CR-6108-FPG

v.

DECISION AND ORDER

ANDREW WOODHOUSE,

Defendant.

## INTRODUCTION

On May 5, 2020, Defendant Andrew Woodhouse filed a Motion for Compassionate Release, ECF No. 130, arguing that his medical conditions warranted his release because they put him in a higher risk category for contracting COVID-19, particularly given the challenge the prison environment poses to mitigating exposure. *Id*. On May 20, 2020, the Court issued a Decision and Order, ECF No. 135, denying Defendant's Motion.

On November 5, 2020, Defendant filed a *pro se* motion asking the Court to reconsider that denial. ECF No. 136. Defendant seeks reconsideration on the grounds that, *inter alia*, (1) case numbers at Federal Correctional Institution Fort Dix have continued to increase, including in Defendant's specific housing unit, *id.* at 2-3, and (2) Defendant tested positive for COVID-19 on November 2, 2020, ECF No. 139 at 2. On December 18, 2020, the Government responded in opposition to Defendant's Motion for Reconsideration. ECF No. 144.[1] For the reasons set forth below, Defendant's Motion is DENIED.

---

[1] The Court also received several letters from Defendant, a letter from Defendant's father, and several additional briefs. ECF Nos. 137, 139, 140, 141, 143, 145, 148, 149. The Court has considered these filings in addition to Defendant's Motion.

1

## DISCUSSION

> The standard for granting a motion for reconsideration is strict, and reconsideration will generally be denied unless the moving party can point to an intervening change in controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice. A motion for reconsideration may not be used to advance new facts, issues or arguments not previously presented before the Court, nor may it be used as a vehicle for relitigating issues already decided by the Court.

*United States v. Sharif*, No. 3:13-cr-172 (SRU), 2020 U.S. Dist. LEXIS 205980, at *1 (D. Conn. Nov. 4, 2020) (internal citations and quotation marks omitted).

Here, Defendant does not present any change in controlling law. He asks the Court to reconsider its decision because he has now contracted COVID-19 and because the case numbers at FCI Fort Dix, including in Defendant's specific housing unit, have allegedly increased. ECF No. 136 at 2-3; ECF No. 139 at 2.

In its Decision and Order, ECF No. 135, denying compassionate release, the Court concluded "the § 3553(a) factors would not be served by his release." ECF No. 135 at 6. In reaching that conclusion, the Court noted that "a 70-month sentence was and remains appropriate." *Id.* at 7.

The fact that Defendant has now contracted the virus weighs against release because Defendant does not indicate that he has suffered any complications (or even symptoms) from contracting the virus.[2] *See, e.g.*, *United States v. Dimmie*, No. 15 Cr. 5-3 (NSR), 2020 U.S. Dist. LEXIS 206183, at *2 (S.D.N.Y. Nov. 3, 2020) (denying reconsideration of denial of compassionate release to inmate who served two thirds of his sentence, had several underlying medical conditions, and contracted COVID-19). Therefore, even given that Defendant has now

---

[2] Defendant states that he is in "grave danger due to elevated risk for life-long complications, reinfection, and even death" and also states that he "*could* now be damaged for the remainder of his life." ECF No. 139 at 3 (emphasis added). However, he does not indicate that he has in fact suffered any complications or symptoms while incarcerated.

tested positive for COVID-19, a reduction in Defendant's sentence would still be inconsistent with the 18 U.S.C. § 3553(a) sentencing factors. *See United States v. Johnson*, No. 17 Cr. 212 (NRB), 2020 U.S. Dist. LEXIS 220504, at *3-4 (S.D.N.Y. Nov. 24, 2020) (denying reconsideration where defendant's pre-diabetes progressed to Type 2 diabetes, because the court had already considered defendant's health conditions and COVID-19 positivity rates at his prison facility, and the change in defendant's diabetes diagnoses failed to outweigh the 18 U.S.C. § 3553(a) sentencing factors).

Similarly, the alleged increase in positivity rate at Fort Dix does not alter the Court's calculus. Recent BOP data suggests that the infection rate has been brought under control. *See COVID-19 Coronavirus*, FEDERAL BUREAU OF PRISONS, http://www.bop.gov/coronavirus/ (last visited July 12, 2021). According to the Bureau of Prisons, as of July 12, 2021, FCI Fort Dix had zero inmates with confirmed active cases of the virus and 2 staff members with confirmed active cases. *Id.* In any event, even assuming there were an active, uncontained outbreak, that fact would not outweigh the § 3553(a) factors that supported, and continue to support, Defendant's sentence.

## CONCLUSION

Accordingly, Defendant's Motion for Reconsideration is DENIED.

IT IS SO ORDERED.

Dated: July 13, 2021
      Rochester, New York

                                              HON. FRANK P. GERACI, JR.
                                              Chief Judge
                                              United States District Court